UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JULIANA GONZALEZ,

                      Plaintiff,

   -against-

CONSTELLATION AGENCY, LLC,

                      Defendant.
-----------------------------------------------------------X

Case No.:

COMPLAINT

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, JULIANA GONZALEZ, by Plaintiff's attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## Nature of the Case

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296, *et seq.*, and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"). Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of Plaintiff's actual or perceived disabilities (severe pain resulting in emergency gallbladder removal surgery) and failing to receive a reasonable accommodation, resulting in her unlawful termination.

## Jurisdiction and Venue

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12133 and 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

### Procedural Prerequisites

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC dated October 28, 2022, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as Exhibit A.

7. This Action is being commenced within ninety (90) days of receipt of said Notice.

8. Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code. A copy of the certificate of service of the complaint on the NYCCHR and the Corporation Counsel is annexed hereto as Exhibit B.

### Parties

9. Plaintiff is a resident of the County of Hudson, State of New Jersey.

10. At all times material, Defendant CONSTELLATION AGENCY, LLC ("CONSTELLATION") was and is a foreign business corporation organized under the laws of the State of New Jersey and operating in the State of New York duly existing pursuant to and by virtue of the laws of the State of New Jersey. Defendant CONSTELLATION's principal place of business is located at 2 Lambs Lane, Cresskill, New Jersey 07626.

11. At all times material, Defendant CONSTELLATION owned, operated and controlled a digital technology marketing company providing services to their clients at their office located at One World Trade Center, 285 Fulton Street, Floor 21, New York, New York 10007 ("the Location").

12. At all times material, Defendant CONSTELLATION had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

13. At all times material, Defendant CONSTELLATION was Plaintiff's employer under the ADA.

14. At all times material, Defendant CONSTELLATION was Plaintiff's employer under the NYSHRL.

15. At all times material, Defendant CONSTELLATION was Plaintiff's employer under the NYCHRL.

16. At all times material, all parties mentioned herein worked and/or continue to be employed with Defendant.

### Material Facts

*Plaintiff's Disability*

17. On or about September 20, 2021, Plaintiff began feeling extreme pain in her abdomen and was unable to eat, drink, or use the restroom. Plaintiff was constantly vomiting from the pain.

18. On or about September 24, 2021, Plaintiff was admitted to the hospital as the aforementioned symptoms were ongoing.

19. On or about September 29, 2021, Plaintiff had to undergo emergency surgery to have her gallbladder removed.

20. Plaintiff's extreme pain and emergency surgery to remove her gallbladder are both impairments that substantially limit one or more of Plaintiff's major life activities within the meaning of 42 U.S.C. § 12102(1)(A).

21. Plaintiff's extreme pain and emergency surgery to remove her gallbladder are a physical, mental or medical impairment preventing the exercise of a normal bodily function within the meaning of NYSHRL § 292(21).

22. Plaintiff's extreme pain and emergency surgery to remove her gallbladder was a physical, medical, mental or psychological impairment, as defined within the NYCHRL as "(a) [a]n impairment of any system of the body; including, but not limited to, the neurological system, the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive system and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system; or (b) [a] mental or psychological impairment."

23. As such, Plaintiff has and/or had a disability under the ADA.

24. As such, Plaintiff has and/or had a disability under the NYSHRL.

25. As such, Plaintiff has and/or had a disability under the NYCHRL.

26. Plaintiff was able to perform the necessary functions of her position working for Defendant with a reasonable accommodation.

*Plaintiff's Employment with Defendant*

27. On or about September 7, 2021, Plaintiff began her employment with Defendant CONSTELLATION as an Executive Assistant to Defendant's Chief Executive Officer, Diana Lee ("Lee"), earning approximately $115,000 per year.

28. Plaintiff was qualified for her position and performed her duties well.

29. On or about September 20, 2021, Plaintiff began to suffer excruciating pains which prohibited her from eating, drinking or using the bathroom. Due to the pain, Plaintiff was constantly vomiting.

30. On or about September 21, 2021, Plaintiff informed Defendant of her symptoms, and stated that she needed to take a sick day. Plaintiff subsequently called out of work.

31. On or about September 22, 2021, Plaintiff still was not feeling well, however, went into work at the Location.

32. On or about September 23, 2021, Plaintiff's symptoms were ongoing, yet she still went to work. Plaintiff ran errands for Ms. Lee all day. Plaintiff arrived home later that evening completely exhausted and ill.

33. On or about September 24, 2021, Plaintiff was admitted to the hospital. Plaintiff informed Defendant CONSTELLATION's Human Resources Representative, Marcia Duplesis ("Duplesis") and Lee that she was in the hospital and would keep Duplesis and Lee updated.

34. On or about September 27, 2021, Plaintiff was still admitted to the hospital. Duplesis called Plaintiff and informed Plaintiff that she was terminated. Plaintiff was shocked.

35. Shortly thereafter, Plaintiff received an exit e-mail from Duplesis indicating that her employment was terminated. Plaintiff was devastated.

36. On or about September 28, 2021, Lee contacted Plaintiff to wish her a speedy recovery. Plaintiff informed Lee that she had to get her gallbladder removed and that she was sorry that she was unable to be at work.

37. Lee subsequently sent Plaintiff a gift basket while Plaintiff was at the hospital.

38. On or about September 29, 2021, Plaintiff underwent emergency surgery to remove her gallbladder.

39. Plaintiff was unlawfully terminated due to her disability and the need for a brief reasonable accommodation.

40. Plaintiff only required a very brief leave so that she could undergo emergency surgery and then she would have been able to return to work without restrictions.

41. The above are just some of the acts of discrimination that Plaintiff experienced while employed by Defendant.

42. At no time did Defendant ever engage in, or attempt to engage in, an interactive process regarding Plaintiff's disabilities or need for a reasonable accommodation.

43. Plaintiff never received any discipline or warnings prior to her termination.

44. Due to the close temporal proximity of Plaintiff's admission into the hospital and her subsequent termination, it is clear that Plaintiff was terminated due to her disability.

45. Defendant was on notice of Plaintiff's disabilities, whether actual and/or perceived.

46. Plaintiff engaged in protected activity by informing Defendant of her admission to the hospital and subsequent emergency surgery.

47. Defendant unlawfully discriminated against, humiliated, degraded and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, loss of income and emotional distress.

48. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

49. Defendant knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

50. Plaintiff was repulsed, offended, humiliated, belittled and disgusted by this blatantly unlawful conduct and termination.

51. Defendant acted intentionally and intended to harm Plaintiff.

52. Defendant acted maliciously, willfully, and outrageously, and will full knowledge of the law.

53. Plaintiff has also suffered loss of income, loss of employment, loss of benefits, future emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

54. As such, Plaintiff demands punitive damages against Defendant.

### First Cause of Action for Discrimination
### Under the Americans with Disabilities Act

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

57. Defendant CONSTELLATION violated the section hereto as set forth.

58. Plaintiff is entitled to the maximum amount allowed under this statute.

### Second Cause of Action for Discriminatory Discharge
### Under the Americans with Disabilities Act

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

61. Defendant CONSTELLATION violated the section hereto as set forth.

62. Plaintiff is entitled to the maximum amount allowed under this statute.

### Third Cause of Action for Failure to Provide a Reasonable Accommodation Under the Americans with Disabilities Act

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

65. The Americans with Disabilities Act, 42 U.S.C. § 12112(b) entitled "Construction," states, in pertinent part,

> As used in subsection (a), the term "discriminate against a qualified individual on the basis of disability" includes—
>
> . . . .
>
> (5)
>
> (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or
>
> (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant.

66. Defendant CONSTELLATION violated the section hereto as set forth.

67. Plaintiff is entitled to the maximum amount allowed under this statute.

## Fourth Cause of Action for Discrimination
## Under the New York State Executive Law

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

70. Defendant CONSTELLATION violated the section hereto as set forth.

71. Plaintiff is entitled to the maximum amount allowed under this statute.

## Fifth Cause of Action for Discriminatory Discharge
## Under the New York State Executive Law

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

74. Defendant CONSTELLATION violated the section hereto as set forth.

75. Plaintiff is entitled to the maximum amount allowed under this statute.

### Sixth Cause of Action for Failure to Provide a Reasonable Accommodation
### Under the New York State Executive Law

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. New York State Executive Law § 296(3)(a) provides that:

> It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities, or pregnancy-related conditions, of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program.

78. Defendant CONSTELLATION violated the section hereto as set forth.

79. Plaintiff is entitled to the maximum amount allowed under this statute.

### Seventh Cause of Action for Discrimination
### Under the New York City Administrative Code

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

82. Defendant CONSTELLATION violated the section hereto as set forth.

83. Plaintiff is entitled to the maximum amount allowed under this statute.

## Eighth Cause of Action for Discriminatory Discharge
## Under the New York City Administrative Code

84. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

85. New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

86. Defendant CONSTELLATION violated the section hereto as set forth.

87. Plaintiff is entitled to the maximum amount allowed under this statute.

## Ninth Cause of Action for Failure to Provide a Reasonable Accommodation
## Under the New York City Administrative Code

88. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89. New York City Administrative Code § 8-107(15) states, in pertinent part:

> (a) Requirement to make reasonable accommodation to the needs of persons with disabilities. Except as provided in paragraph (b), it is an unlawful discriminatory practice for any person prohibited by the provisions of this section from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity.

90. Defendant CONSTELLATION violated the section hereto as set forth.

91. Plaintiff is entitled to the maximum amount allowed under this statute.

11

## Jury Demand

92. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the <u>Americans with Disabilities Act</u>, 42 U.S.C. § 12101, *et seq.*, the <u>New York State Human Rights Law</u>, New York State Executive Law § 296, *et seq.*, and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-107, *et seq.* in that Defendant discriminated against Plaintiff based on Plaintiff's disabilities (severe pain resulting in emergency gallbladder removal surgery) and failed to provide Plaintiff with a reasonable accommodation, resulting in her unlawful termination.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and conduct and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
         November 22, 2022

By:

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

Stefanie Shmil
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
sshmil@tpglaws.com